# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIONYSIOS GEROMICHALOS** and **CONSTANCE GEROMICHALOS**, h/w | : : : | **CIVIL ACTION** |
| v. | : : | |
| **CASCADE ENGINEERING, INC.**, a/k/a, d/b/a, t/a **CASCADE CART SOLUTIONS** | : : : | **NO. 20-3164** |

## MEMORANDUM

**Savage, J.**                                                                                                  **July 20, 2020**

In removing this action, the defendant contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because the defendant has not shown there is diversity jurisdiction, we shall remand the action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the opposing parties are citizens of different states and the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed

against removal, and all doubts are resolved in favor of remand.  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The plaintiffs commenced this action by filing a writ of summons in state court on May 14, 2020.  The defendant was served the writ of summons with notices of deposition and to produce in aid of preparing a complaint on May 19, 2020.  It removed the action before a complaint was filed.[1]

The defendant contends that the writ of summons "makes clear" that the plaintiffs are citizens of Pennsylvania, "residing at 826 Valley View Road" in Media, Pennsylvania.[2]  Because the defendant is a citizen of Michigan, it asserts that the parties are diverse.[3]

Residency in a state is insufficient to establish citizenship of an individual.  *GBForefront, L.P.*, 888 F.3d at 35.  Allegations pertaining solely to a litigant's "residency," as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case."  *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012).  The writ of summons lists a Media, Pennsylvania address for the plaintiffs.  No other information about their citizenship is provided.  Because residency in a state is insufficient to establish citizenship, we are unable to determine whether the plaintiffs are diverse from the defendant.

---

[1] Not. of Removal ¶¶ 1-2.

[2] *Id.* ¶ 3.

[3] *Id.* ¶¶ 4-5.

The defendant also fails to meet its burden to show the amount in controversy exceeds the $75,000.00 jurisdictional threshold. It states that based on the writ of summons and notices of deposition, "it is believed that" the amount in controversy is in excess of $75,000.00.[4]

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). In Pennsylvania, a writ of summons is not an "initial pleading" triggering the period for seeking removal under 28 U.S.C. § 1446(b). *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222-23 (3d Cir. 2005). Where a complaint is received after service of the summons, the time to remove is triggered by "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons. . . ." *Id.* (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)). Thus, because the "initial pleading" described in § 1446(b) is a complaint, not a summons, an action cannot be removed until a complaint has been filed. *See In re Diet Drugs Prod. Liab. Litig.*, Civ. A. No. 12-20006, 2012 WL 4757693, at *3 (E.D. Pa. Oct. 5, 2012) (finding that under *Sikirica*, a complaint must have been filed before removal can take place); *Campbell v. Oxford Elecs., Inc.*, Civ. A. No. 07-0541, 2007 WL 2011484 (E.D. Pa. July 5, 2007) (finding removal was premature until a complaint had been filed because the "initial pleading" described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet).

---

[4] *Id.* ¶ 7.

Even if pre-complaint discovery suggests a basis for federal jurisdiction, a defendant may not rely on a writ of summons and pre-complaint discovery as a basis for determining that the jurisdictional threshold has been met.  Because that combination does not constitute an "initial pleading" under § 1446(b), removal is improper if a complaint has not yet been filed.  *See Serfass v. Oliveras-Smith*, Civ. A. No. 19-806, 2019 WL 3318466, at *2 (E.D. Pa. July 22, 2019) (where defendant was served with writ of summons and pre-complaint interrogatories and subpoena for documents directed to a third party from which one could infer a basis for federal question jurisdiction, and the complaint is the "operative document for removal," its absence precluded removal); *Estate of Kempf v. Washington Cty.,* No. 2:15-CV-00486-TFM, 2015 WL 1651051, at *1 (W.D. Pa. Apr. 14, 2015) (even if it appears likely that based on the contents of pre-complaint discovery, subject-matter jurisdiction would eventually be found to exist, where no complaint has been filed, removal was improper); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F. Supp. 2d 568, 570-71 (E.D. Pa. 2013) (where writ of summons filed with accompanying pre-complaint interrogatories evidenced the existence of federal jurisdiction under ERISA, in light of *Sikirica*'s requirement that a complaint be filed before a case may be removed, court could not presume jurisdiction and held the removal to be premature); *Lane v. CBS Broad. Inc*., Civ. A. No. 08-CV-0777, 2008 WL 910000, at *7 (E.D. Pa. Apr. 2, 2008) (finding that writ of summons accompanied by a detailed notice of discovery outlining factual and legal nature of plaintiff's claims did not together constitute an "initial pleading" under § 1446(b) triggering the 30-day period for removal).

Hence, because no complaint has been filed, the defendant relies on the writ of summons and the pre-complaint discovery notices as the sole basis for demonstrating that the jurisdictional threshold has been met.  Even if we could infer the amount in controversy based on these documents, they do not constitute an "initial pleading" under § 1446(b).

Because the defendant has not shown that the parties are citizens of different states or that the amount in controversy exceeds $75,000.00, we shall remand this action for lack of subject matter jurisdiction.